## PRAIRIE FARMER PUBLISHING CO. ET AL. *v.* INDIANA FARMER'S GUIDE PUBLISHING CO.

No. 104. Argued November 18, 1936.—Decided December 7, 1936.

*Mr. Maxwell* v. *Beghtol*, with whom *Messrs. Burke G. Slaymaker, Thomas E. Murphy*, and *J. L. Parrish, Jr.*, were on the brief, for petitioners.

*Messrs. U. S. Lesh* and *Eben Lesh* for respondent.

PER CURIAM.

Respondent brought this action against petitioners for damages caused by alleged violation of the Sherman Anti-Trust Act. On the first trial, the court directed a verdict in petitioners' favor and entered judgment accordingly, which the Circuit Court of Appeals affirmed. 70 F. (2d) 3. We reversed the judgment and directed a new trial. 293 U. S. 268. That trial resulted in a verdict against petitioners, and the judgment thereon was affirmed by the Circuit Court of Appeals. 82 F. (2d) 704. In view of petitioners' contention that the Circuit Court of Appeals had misapplied our former opinion, we granted certiorari.

In its opinion the Circuit Court of Appeals stated that the evidence on the former trial "differed little in essential respects" from that in the present record. The court then gave the grounds of its decision as follows:

"On the former appeal we sustained the District Court's dismissal of the action on the ground that the evidence failed to establish a violation of the sections relied upon. The Supreme Court reversed the judgment, and a new trial followed. On retrial, the duty of the District Court to follow the instructions of the Supreme Court was, of course, clear. It attempted so to do and submitted the case to the jury with the results above stated.

"The parties disagree as to the construction of the Supreme Court decision. Both agree that it controls this appeal.

"Appellants earnestly contend that the evidence in the case fails to show either a conspiracy to restrain interstate commerce or the adoption of unfair or unlawful trade practices by the appellants. This court adopted this view on the previous trial, and the Supreme Court differed with us and reversed the judgment. Appellants

also argue that the evidence in this case fails to show any recoverable damages suffered by appellee.

"We deem it unnecessary to elaborate the questions so fully discussed in the previous opinions. As we view the question before us it is merely a matter of applying the Supreme Court's decision.

"We accept appellee's version which is that the complaint stated a good cause of action, and, if the facts which the evidence on the trial tended to establish be accepted by the jury as true, then it was justified in finding for appellee. In other words, the arguments which appellants advance do not establish a bar to recovery, but merely challenge the facts and the inferences which support appellee's fact contentions. The result is that a jury question on the issue of damages, restraint of trade, and unfair methods, existed, and the jury settled the fact issues by its verdict. As we construe the decision of the Supreme Court, this conclusion is unavoidable.

"It follows, therefore, that the judgment should be and is hereby affirmed."

We are unable to escape the conclusion that in holding the evidence sufficient to sustain a verdict for respondent upon the issue of unlawful restraint or practices and consequent injury to respondent, the Circuit Court of Appeals felt itself controlled by our decision. That was a misinterpretation. We expressed no opinion upon that question. On the contrary, after dealing with the question of interstate commerce and holding that it was not necessary that the restraint or monopoly should affect all the business of the kind throughout the country, but might relate to the part of it carried on in a particular section, we said:

"We intimate no opinion whether, upon the question of restraint or monopoly, or upon the question of injury to petitioner [respondent here] or its business, the evidence is sufficient to warrant a verdict in its favor." 293 U. S., p. 281.

That question as raised by the present record should have been determined by the Circuit Court of Appeals upon a consideration of the evidence adduced, untrammeled by any supposed expression upon that point by this Court.

The judgment is reversed and the cause is remanded to the Circuit Court of Appeals for further proceedings in conformity with this opinion.

*Reversed.*

MR. JUSTICE STONE took no part in the consideration or decision of this case.